[Crim. Nos. 36642. 37058. Second Dist., Div. Five. Mar. 9, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY LAVELL GRIMBLE, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Robert P. App, Martin Spiegel and Nicholas G. Spirtos, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Carla M. Singer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

OLDER, J.*—Appellant was found guilty by a jury of one count of kidnaping for the purpose of robbery (Pen. Code, § 209, subd. (b)), one count of rape (Pen. Code, § 261, subds. 2, .3), three counts of robbery (Pen. Code, § 211), one count of burglary (Pen. Code, § 459), and one count of assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (b)). The jury also found to be true allegations as to each count that appellant used a firearm at the time of the commission of the offense (Pen. Code, § 12022.5).

Appellant's motion for a new trial as to count I (kidnaping) was granted.

On November 19, 1979, probation was denied, the court found circumstances in aggravation, and appellant was sentenced on counts II through VII to the state prison for a total term of 15 years.

On January 18 and 21, 1980, appellant was retried by a jury on count I. The jury found appellant guilty as charged of kidnaping for the purpose of robbery, and further found the use allegation to be true.

---

*Assigned by the Chairperson of the Judicial Council.

On January 22, 1980, the trial court vacated the earlier sentence and resentenced appellant on all counts pursuant to Penal Code section 1170.1. Probation was denied, the court found circumstances in aggravation, and appellant was sentenced to a total term of life, plus two years, plus six years.

On March 7, 1980, the court vacated its sentence imposed on January 22, 1980, and resentenced appellant. Probation was denied, the court found circumstances in aggravation, and appellant was sentenced to a total term of thirteen years, four months, plus a life term, plus two years.[1]

 Appellant appeals on two grounds: (1) That the trial court lacked jurisdiction to resentence appellant to a greater term on March 7, 1980, and (2) that the evidence is insufficient to sustain a conviction under Penal Code section 245, subdivision (b). We conclude that there is no merit in either ground and the judgment must be affirmed.

The evidence established that on July 17, 1979, at about 1:30 a.m., Jocelyn B. (Jocelyn) arrived home from work as a telephone operator. As she approached the door to her apartment, she heard footsteps in the hallway. After letting herself in she locked and barred the door. Her mother, Ellen C., and her daughter, Catherine B., were staying with her. Jocelyn heard a request from outside the door to use the telephone. She told the person to go somewhere else. The doorbell started ringing. She told the person to go away and threatened to call the police. Appellant then kicked in the door. He was holding a handgun.

Appellant pulled the telephone out of the wall, pointed his gun at all three of the occupants and demanded money. He dumped the contents of Mrs. C.'s purse on the floor and ordered the women to put all of their possessions into pillowcases. The victims complied by emptying the drawers in the apartment and filling the pillowcases. Jocelyn removed her jewelry and handed it to appellant. Appellant then ordered the victims to remove their clothes, stating that they would not attempt to escape if they were undressed.

After the victims disrobed appellant pulled Jocelyn into the bathroom and raped her at gunpoint. While appellant was in the bathroom with

---

[1] A summary of the sentences appears in the appendix to this opinion.

Jocelyn, Mrs. C. and Jocelyn's daughter went upstairs to the manager's apartment and asked the manager to call the police.

Appellant then pulled Jocelyn by the hair out of the bathroom and through the apartment, ordering her to pick up the pillowcases. He then pulled her out of the building, ordering her to give him the keys to her car and to take him to her car. As Jocelyn was searching through the pillowcases for the keys, a car came into the driveway. Appellant pulled her down behind a trash barrel. When it was quiet, appellant pulled Jocelyn by the hair down an embankment and across the street toward some parked cars.

At that point Jocelyn saw a police car driving up. She escaped from appellant and ran to the police car. She told the police that appellant had a gun and pointed to appellant's location. Jocelyn then ran across the street, heard shots, and ran back to where the police officers were standing. Appellant was lying on the ground.

Police Officer Bourgeois testified that he and his partner responded to a call at about 2 a.m. on July 17, 1979. Bourgeois was in uniform. Bourgeois parked his police vehicle and saw a silhouetted figure cross the street and hide behind a car. At about the same time Bourgeois observed a second police car pass him and proceed toward the rear of the building in front of which he had parked his vehicle. Bourgeois and his partner crossed the street and saw a person crouched between two large trash dumpsters. As Bourgeois started across the street the officers in the second police vehicle also started walking across the street in the same direction. Bourgeois turned his flashlight on the crouched person and ordered him to stand up and come out. Appellant stood up with a gun in his hand pointed at Bourgeois. Appellant was closer than 10 feet to Bourgeois. Bourgeois stepped to his left and drew his gun. Appellant turned in the direction of Bourgeois, continuing to point his gun at Bourgeois. Bourgeois fired two shots at appellant and appellant fell to the ground. The encounter between Bourgeois and appellant lasted three to five seconds. During this encounter Bourgeois' partner and the two other officers from the second police vehicle were within 20 feet of Bourgeois at the time of the shooting.

Appellant first contends that the trial court acted in excess of its jurisdiction on March 7, 1980, in resentencing appellant to a greater term after appellant had commenced to serve his earlier sentence. Appellant

bases his contention on the fact that the March 7 sentence was not imposed by the trial court under Penal Code section 669[2] for the reason that the Department of Corrections had advised it of the existence of a prior judgment, since there were none within the meaning of Penal Code section 669 (*In re Calhoun* (1976) 17 Cal.3d 75 [130 Cal.Rptr. 139, 549 P.2d 1235]), or because the department notified the trial court of any judgment of which the court was unaware. Appellant argues that the "error" corrected in the March 7 sentence was judicial, not clerical, and thus beyond the power of the court to correct. Appellant had commenced to serve the sentence imposed on January 22, 1980, before the pronouncement of the sentence on March 7.

The difficulty with appellant's theory is that the sentence imposed on January 22, 1980, was patently contrary to the provisions of Penal Code section 669 and therefore illegal. We construe Penal Code section 669 to mean that whenever a person is sentenced to prison on a life sentence and any other term of imprisonment for a felony conviction, and the sentences are to run consecutively, the sentence must provide that the determinate term of imprisonment shall be served first and the life sen-

---

[2]Penal Code section 669 states: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively; life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another or with any other term of imprisonment for a felony conviction. Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to Sections 1170, 1170.1, 667.5, 12022, 12022.5, 12022.6, and 12022.7, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046. [¶] In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently. [¶] The Department of Corrections shall advise the court pronouncing the second or other subsequent judgment of the existence of all prior judgments against the defendant, the terms of imprisonment upon which have not been completely served."

tence shall be consecutive to the determinate term, and not vice versa. Since the sentence imposed on January 22 made the determinate terms consecutive to the life term, the sentence imposed was directly contrary to the provisions of section 669.[3]

■ When the sentence imposed is in excess of the court's jurisdiction, the court has jurisdiction to impose a legally correct sentence at a later time. (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8 [109 Cal.Rptr. 627]; *People* v. *Blume* (1960) 183 Cal.App.2d 474 [7 Cal.Rptr. 16]; *In re Robinson* (1956) 142 Cal.App.2d 484 [298 P.2d 656].) When an illegal sentence is vacated, the court may substitute a proper sentence, even though it is more severe than the sentence imposed originally. (*People* v. *Serrato* (1973) 9 Cal.3d 753 [109 Cal.Rptr. 65, 512 P.2d 289]; *In re Sandel* (1966) 64 Cal.2d 412, 418-419 [50 Cal.Rptr. 462, 412 P.2d 806].) ■ There was no error in the imposition of the sentence on March 7. (*People* v. *Superior Court (Duran)* (1978) 84 Cal.App.3d 480, 486 [148 Cal.Rptr. 698], hg. den.)

■ Appellant next contends that the evidence is insufficient to sustain a conviction of a violation of Penal Code section 245, subdivision (b), assaulting a peace officer. The issue raised is whether appellant knew or reasonably should have known that Officer Bourgeois was a police officer engaged in the performance of his duties. Appellant argues that the shooting occurred after 2 a.m., that it was very dark, that Bourgeois was wearing a dark uniform, and that Bourgeois shone a flashlight on appellant just before the shooting.

■ When the sufficiency of the evidence to support the judgment is challenged on appeal, this court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. The test on appeal becomes whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves

---

[3]The record indicates clearly that on January 22, 1980, the court believed that the term for rape (count III) was required to run consecutively to the life term for kidnaping (count I). In applying Penal Code section 1170.1, the court determined the consecutive sentence for count III to be one-third of the middle base term, plus one-third of the use enhancement.

California Rules of Court, rule 451(a), (sentencing rules for the superior courts) regarding consecutive sentences, is inapplicable to indeterminate sentences imposed under new section 1168 of the Penal Code. (See Cal. Rules of Court, rule 403, and advisory committee comment to rule 403.)

guilt beyond a reasonable doubt. (*People* v. *Mosher* (1969) 1 Cal.3d 379 [82 Cal.Rptr. 379, 461 P.2d 659].) The weight to be given testimony is for the trier of fact to determine and the testimony may not be reweighed by the reviewing court. (*People* v. *Williams* (1970) 10 Cal. App.3d 638 [89 Cal.Rptr. 143].)

■ Before the judgment of the trial court can be set aside for insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury. (*People* v. *Cloud* (1969) 1 Cal.App.3d 591 [81 Cal.Rptr. 716].)

■ The People may establish defendant's guilt by circumstantial evidence. "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." (*People* v. *Hillery* (1965) 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382], cert. den., 386 U.S. 938 [17 L.Ed.2d 810, 87 S.Ct. 958].) The California substantial evidence rule has not been changed by *Jackson* v. *Virginia* (1979) 443 U.S. 307 [61 L.Ed.2d 560, 99 S.Ct. 2781], cited by appellant. (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 365 [157 Cal.Rptr. 769].)

■ Applying the relevant standards to the instant case, we find there was substantial evidence from which the jury could have found appellant guilty of a violation of Penal Code section 245, subdivision (b). Appellant knew that two of his victims (Mrs. C. and Catherine B.) had escaped from the apartment during the rape of Jocelyn. Two police vehicles and four police officers responded to the scene after a call for help. The police vehicles were parked on the street across from the trash dumpsters where appellant was found hiding. Jocelyn escaped from appellant and ran to one of the police cars parked on the street. Officer Bourgeois saw a silhouetted figure cross the street toward the trash dumpsters. All four officers crossed the street and approached the place where appellant was located. When appellant stood up after Bourgeois ordered him to do so, Bourgeois was less than 10 feet from appellant and the other three officers were all within 20 feet of Bourgeois. When Bourgeois moved to his left after observing that appellant had a gun, appellant also moved and continued to point the gun at the officer. Taken together, all of these facts constitute substantial evidence sufficient to sustain the conviction.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 3, 1981, and appellant's petition for a hearing by the Supreme Court was denied June 2, 1981. Bird, C. J., was of the opinion that the petition should be granted.

## APPENDIX

### SUMMARY OF SENTENCES

1. *November 19, 1979*
 Probation denied. The court finds circumstances in aggravation. Defendant is sentenced to state prison as follows:

| | |
|---|---|
| Count III (high base term) | 8 years |
| Count III (enhancement under Pen. Code, § 12022.5) | 2 years |
| Count II | 1 year consecutive |
| Count IV | 1 year consecutive |
| Count V | 1 year consecutive |
| Count VII | 1⅓ years consecutive |
| Count VII (enhancement under Pen. Code, § 12022.5) | ⅔ year consecutive |
| Total | 15 years |

Count VI—Defendant sentenced to mid-base term of 2 years. Court stays imposition until completion of above sentence at which time the stay becomes permanent.

2. *January 22, 1980*
 Probation denied. The court finds eight circumstances in aggravation, none in mitigation. Appellant is sentenced to state prison as follows:

| | |
|---|---|
| Count I | life |
| Count I (enhancement under Pen. Code, § 12022.5) | 2 years |
| Count II (high base term) | 5 years concurrent |
| Count III (⅓ of middle base term, plus ⅓ of enhancement under Pen. Code, § 12022.5) | 2 years, 8 months consecutive |
| Count IV (⅓ of middle base term) | 1 year consecutive |
| Count V (⅓ of middle base term) | 1 year consecutive |
| Count VI (high base term) | 6 years concurrent |
| Count VII (⅓ of middle base term) | 1 year, 4 months consecutive |
| Total | Life plus 2 years, plus 6 years |

As to Counts II and VI, the court stays sentence pending appeal and service of sentences imposed on remaining counts,⁹ at which time the stay becomes permanent.

Defendant is given credit for time served. On January 23, 1980, the court stays imposition of the enhancement under Penal Code section 12022.5 as to Counts II, IV, V, VI and VII.

3. *March 7, 1980*

Probation denied. The court finds eight circumstances in aggravation, none in mitigation. Defendant is sentenced to state prison as follows:

| | |
|---|---|
| Count III (base term) | 8 years |
| Count III (enhancement under Pen. Code, § 12022.5) | 2 years |
| Counts II:* and VI:* | 5 years, plus 2 years on the enhancement<br>6 years, plus 2 years on the enhancement |

*In each count the sentences are to run concurrent with all other sentences imposed and the sentences are stayed pending completion of sentence in all other counts at which time the stays become permanent.

| | |
|---|---|
| Count IV (⅓ of middle base term) | 1 year consecutive to Count III |
| Count V (⅓ of middle base term) | 1 year consecutive to Counts III and IV |
| Count VII (⅓ of middle base term | 1 year, 4 months consecutive to Counts III, IV and V |
| Count I | life—consecutive to Counts III, IV, V and VII |
| Count I (enhancement under Pen. Code, § 12022.5) | <u>2</u> years |
| Total | 13 years, 4 months, plus a life term, plus 2 years |

The court finds no enhancement is permitted on Counts IV, V, and VII. Defendant is given credit for time served.