Filed 2/11/14

# CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A136655** |
| **v.** | |
| **DARREN DERAE SASSER,** | **(Alameda County** |
| **Defendant and Appellant.** | **Super. Ct. No. C156534)** |

Darren Derae Sasser (Sasser) appeals from a sentence imposed after we remanded the matter to the trial court for resentencing. He contends: (1) his new sentence of 495 years to life violates his right against double jeopardy, because the sentence is more severe than his original sentence of 458 years four months to life; and (2) the court erred in imposing a prior serious felony enhancement (Pen. Code, § 667, subd. (a)(1)) to multiple determinate terms imposed pursuant to the "Three Strikes" law (Pen. Code, §§ 667, subd. (e), 1170.12, subd. (c)(1)), as part of his stayed sentence under the "One Strike" law (Pen. Code, § 667.61).[1]

We will affirm. In the unpublished portion of our opinion, we conclude there was no double jeopardy violation. In the published portion of the opinion, we hold that a prior serious felony enhancement must be applied to each term imposed under the Three Strikes law, whether for a second strike offense or a third strike offense.

---

[*]    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.A.

[1]    All statutory references are to the Penal Code.

I.  FACTS AND PROCEDURAL HISTORY

A comprehensive summary of the underlying facts is set forth in our prior unpublished opinion in *People v. Sasser* (July 27, 2011, A127431 [2011 WL 3198786]). We need not repeat the summary here, in light of the limited issues raised in this appeal. Instead, we focus on the jury's verdict, Sasser's initial sentence, our remand for resentencing, and Sasser's new sentence on remand.

A.  Jury Verdict

In October 2009, a jury convicted Sasser of 11 sexual offenses perpetrated against Jane Doe 1 (JD1) on November 9, 2005, and Jane Doe 2 (JD2) on November 17, 2005.  As to JD1, Sasser was found guilty of one count of oral copulation (§ 288a, subd. (c)(2)), one count of sodomy (§ 286, subd. (c)(2)), and three counts of forcible rape (§ 261, subd. (a)(2)).  As to JD2, he was found guilty of two counts of oral copulation (§ 288a, subd. (c)(2)), two counts of sodomy (§ 286, subd. (c)(2)), and two counts of forcible rape (§ 261, subd. (a)(2)).  Collectively, he sustained convictions for three counts of oral copulation (count 2 as to JD1, counts 10 & 15 as to JD2); three counts of sodomy (count 5 as to JD1, counts 11 & 17 as to JD2); and five counts of forcible rape (counts 6, 7, & 8 as to JD1, counts 13 & 16 as to JD2).

The jury also found true numerous allegations for sentencing purposes, including special circumstance allegations under Jessica's Law (§ 667.6, subd. (d)) — that certain offenses involved the same victim on separate occasions — as well as multiple victim special circumstance allegations for life sentences under the One Strike law (§ 667.61, subd. (c)).

In addition, Sasser admitted a prior conviction for a lewd act on a child (§ 288, subd. (a)), which constituted a predicate for life terms under the habitual sexual offender law (§ 667.71), constituted a strike under the Three Strikes law, and qualified as a serious felony prior for sentence enhancement purposes (§ 667, subd. (a)(1)).  He also admitted a prior prison term for the violent felony of assault with a deadly weapon (§ 245, subd. (a)(2)) for purposes of a sentence enhancement (§ 667.5).

2

B. <u>Initial Sentence</u>

In January 2010, Sasser was sentenced to consecutive life terms for each of his 11 convictions, with a minimum of 458 years four months. In other words, he received an indeterminate term of 458 years four months to life.

In reaching this sentence, the court chose an indeterminate term of 25 years to life under the habitual sexual offender law as the base term on counts 2, 5, 7, 8, 10, 11, and 15. (§ 667.61, 667.71, 667.6, subd. (d).) The court doubled each of these terms to 50-years-to-life as a second strike under the Three Strikes law, and then added to each term a five year enhancement for the serious felony prior pursuant to section 667, subdivision (a)(1). The court found each of these offenses to constitute a separate act, and imposed these terms consecutively.

The court also imposed eight year four month to life terms (one-third the midterm) under the habitual sexual offender law on counts 6, 13, 16, and 17, exercising its discretion under Jessica's Law not to impose *full* consecutive terms for these offenses because they were committed within the same time frame and same location (§ 667.6, subd. (c)). The court doubled each of these terms to 16 years eight months to life as a second strike under the Three Strikes law, and then enhanced each term by one year eight months (one-third the enhancement term) for the serious felony prior (§ 667, subd. (a)(1)).

In addition, the court imposed but stayed sentence under the One Strike law. In so doing, the court imposed all terms consecutively, without making a specific finding as to whether any of the offenses occurred on a "single occasion" under *People v. Jones* (2001) 25 Cal.4th 98, 107 (*Jones*).

C. <u>Prior Appeal and Remand</u>

In the ensuing appeal, we reversed the sodomy convictions under counts 11 and 17 due to instructional error.

We also concluded that the court imposed an unauthorized sentence with respect to counts 6, 13, 16, and 17, by imposing terms of just eight years four months to life, rather than 25 years to life, and recidivist enhancements of just one year eight months,

3

rather than five years. We stated: "The People argue the matter must be remanded to correct the unauthorized sentence terms imposed on counts 6, 13, 16, and 17. They assert that although the court properly sentenced those counts *consecutively* it was required to impose *full-term* consecutive sentences. Thus, they argue the court's exercise of discretion reducing to one-third the indeterminate life terms and the prior serious felony enhancement terms (§ 667, subd. (a)) was unauthorized. We agree." (Fn. omitted.)

More specifically, we explained why the trial court was not authorized to impose eight year four month to life terms, rather than 25 year to life terms, on these counts. Relying on *People v. Williams* (2004) 34 Cal.4th 397 (*Williams*), the People had argued "that in imposing less than full life terms on counts 6, 13, 16, and 17, the court erroneously applied determinate sentencing principles to an indeterminate term. *Williams* held, 'Section 1170.1 [requiring subordinate offenses to be punished by one-third the midterm] applies only to *determinate* sentences. It does not apply to multiple indeterminate sentences imposed under the Three Strikes law.' (*Williams*, at p. 402.) 'Multiple indeterminate terms sentenced consecutively are *fully* consecutive to each other. Any applicable conduct and status enhancements as to each count are *fully* consecutive to each other and are *fully* consecutive to the base term. (*People v. Felix* (2000) 22 Cal.4th 651.)' [Citation.] Thus, the court erred in imposing less than full indeterminate life terms on counts 6, 13, 16, and 17."

We also explained why the trial court was not authorized to reduce the recidivist enhancement from five years to one year eight months on these counts: "In addition, the People correctly assert that the trial court erred in imposing less than the full five year prior felony status enhancement (§ 667, subd. (a)) on counts 6, 13, 16, and 17. [¶] Section 667, subdivision (a) provides in part: '(1) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The

4

terms of the present offense and each enhancement shall run consecutively.' [¶] Where a defendant has prior serious felony convictions, the court is required to impose a five-year section 667, subdivision (a) enhancement on each count for which it imposes a [Three Strikes law] sentence. (*Williams, supra*, 34 Cal.4th at pp. 403-405; [citation].) Thus, the court lacked discretion to impose less than the full five-year enhancement on counts 6, 13, 16, and 17." (Fn. omitted.)

In another portion of our opinion, we agreed with the parties that the court erred in imposing mandatory consecutive life sentences under the One Strike law, instead of applying the spatial proximity test relevant at the time of his offenses under *Jones*, *supra*, 25 Cal.4th at page 107.[2]

In addition, we rejected Sasser's request for the matter to be remanded on the ground the trial court had been unaware of its discretion under the habitual sexual offender law not to impose consecutive life sentences for crimes involving the same victim on separate occasions. Among other things, we noted that the trial court had found counts 6, 13, 16, and 17 involved the same victim on the same occasion and exercised its discretion under Jessica's Law (§ 667.6, subd. (c)) to sentence consecutively; there was no reason to believe the court would exercise its discretion differently under the habitual sexual offender law.

Accordingly, we remanded the matter "for resentencing consistent with the views expressed in [our] opinion." Specifically, we remanded solely for the trial court "to correct the *unauthorized* sentence terms imposed on counts 6, 13, 16, and 17" and to "make a determination under *Jones* whether any of the offenses were committed against the same victim on a single occasion." (Italics added, fn. omitted.)

---

[2] Section 667.61 has been amended to adopt the "separate occasions" language of Jessica's Law and eliminate the "single occasion" language that was the focus of the court's opinion in *Jones.* (See *Jones, supra,* 25 Cal.4th at pp. 105-107.)

D. Trial Court Proceedings on Remand

Sasser was resentenced in July 2012. On respondent's motion, counts 11 and 17 (relating to the convictions we overturned) were dismissed, and the court imposed sentence on the remaining nine counts.

The court imposed a 25 years to life term for each of the offenses (i.e., this time as to counts 6, 7, 13, and 16; as well as to counts 2, 5, 8, 10, and 15, as previously imposed) pursuant to the habitual sexual offender law. The court doubled each of these term to 50 years to life pursuant to the Three Strikes law (§ 667, subd. (e)(1)), and added to each term five years for the serious felony prior (§ 667, subd. (a)(1)), for a total of 55 years to life for each offense. The result was an aggregate sentence of 495 years to life, rather than the 458 years four months to life originally imposed.

As to the sentence under the One Strike law (§ 667.61), the court determined that the offenses against the individual victims were committed on a "single occasion" under *Jones,* but the court nonetheless exercised its discretion to sentence the charges consecutively. By imposing 55 years to life on count 2 and count 10 (25 years to life, doubled pursuant to the Three Strikes law, plus five years for the serious felony prior), adding 17-year terms on each of the other seven counts (midterm of six years, doubled pursuant to the Three Strikes law, plus five years for the serious felony prior), and running the terms consecutively, the court imposed a total sentence of 229 years to life. The court stayed this sentence in light of the longer sentence imposed under the habitual sexual offender law.

This appeal followed.

II. DISCUSSION

We address Sasser's contentions in turn.

6

A. Double Jeopardy*

Sasser contends his right against double jeopardy was violated because the trial court imposed a sentence on remand that was greater than his original sentence. We disagree.[3]

When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy generally precludes the imposition of more severe punishment on resentencing. (Cal. Const., art. I, § 15; *People v. Hanson* (2000) 23 Cal.4th 355, 363-366; *People v. Henderson* (1963) 60 Cal.2d 482, 495-497.) As Sasser acknowledges, however, no such limitation applies where the original sentence imposed by the trial court was not authorized by law. (*People v. Serrato* (1973) 9 Cal.3d 753, 764-765, overruled on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 212 ["[w]e may set aside an unauthorized sentence so a proper sentence may be imposed, even if the new sentence is harsher"]; *People v. Neely* (2009) 176 Cal.App.4th 787, 799-800.)

In our prior opinion, we expressly ruled that the sentence as to counts 6, 13, 16, and 17 was unauthorized by law: based on our Supreme Court's decision in *Williams*, section 1170.1 did not authorize the imposition of one-third-the-midterm sentences for Sasser's offenses, and section 667, subdivision (a) did not authorize the imposition of one-third of the enhancement term for his serious felony prior. Accordingly, the court's

---

* See footnote, *ante*, page 1.

3 Sasser's attorney did not object to the sentence on the specific ground that his sentence was increased in violation of his right against double jeopardy. A double jeopardy claim may be forfeited by a failure to assert it in the trial court. (See *People v. Scott* (1997) 15 Cal.4th 1188, 1201.) Sasser argues, to the extent counsel did not adequately preserve the issue for appeal, he was deprived of effective assistance of counsel. We will proceed to review the merits, since we would have to do so even if the challenge was forfeited in order to resolve the ineffective assistance claim. (See *ibid.,* cited in *People v. Williams* (1999) 21.Cal.4th 335, 343; see also *People v. Daniels* (2012) 208 Cal.App.4th 29, 31.)

imposition of a sentence on remand that is more severe than the original sentence did not violate Sasser's double jeopardy rights.

Sasser contends that the original reduced terms on counts 6, 13, 16, and 17 could have been accomplished under the habitual sexual offender law by a means *other* than section 1170.1, and therefore (1) the original sentence was not really unauthorized, but just erroneous, and (2) the court on remand should not have imposed full consecutive 25-year-to-life sentences. His arguments have no merit.

### 1. The Original Sentence Was Unauthorized, Not Merely Erroneous

Sasser asserts that the court could have lawfully imposed the reduced terms for counts 6, 13, 16, and 17 by exercising its discretion under the habitual sexual offender law to impose less than full consecutive sentences, rather than by erroneously using section 1170.1. The court's error, Sasser thus urges, was "in calculating the reduced terms as [one-third]-the-midterm-to-life as opposed to selecting a lawful determinate term." Because the length of the original term was within the permissible scope of the habitual sexual offender law, Sasser contends, the original sentence was " 'authorized by statute but the court err[ed] in the manner of sentencing.' "

Sasser's reliance on *People v. Brown* (1987) 193 Cal.App.3d 957 (*Brown*) in this regard is misplaced. In *Brown*, the court concluded that imposing a full two year enhancement in violation of a statutory limitation *did* constitute an unauthorized sentence and therefore did *not* bar imposition of a greater sentence on remand. (*Id*. at p. 963.) In dictum, the court stated that an example of an error "in the manner of sentencing" was a court's failure to state reasons for its sentencing choices. (*Id*. at p. 962.) But that is not what occurred here. Here, the court imposed a sentence that was ostensibly predicated on section 1170.1 (imposing one-third the midterm) and impermissibly applied determinate sentencing principles to indeterminate sentences. Indeed, Sasser does not explain how the court could have reached the exact aggregate term of 458 years four months under any circumstance in this case, *without* relying on section 1170.1. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case," as "where the court

8

violates mandatory provisions governing the length of confinement"].)  In any event, we expressly ruled in our prior opinion that the sentence was unauthorized, and our determination became final in the case.  The double jeopardy limitations on resentencing did not apply to Sasser's sentence on remand.

### 2. The Sentence on Remand Was Not Erroneous

Sasser similarly argues, although the trial court was required on remand to change the sentences on counts 6, 13, and 16 from the "erroneous [one-third]-the-midterm-to-life sentences" (imposed under section 1170.1) to lawful sentences, it could have exercised its discretion under the habitual sexual offender law to impose a sentence that was still less than the full consecutive sentence, on some basis *other than* section 1170.1.  (See *People v. Murphy* (2001) 25 Cal.4th 136, 151 [court has discretion under habitual sexual offender law not to impose full, separate and consecutive sentences on offenses involving the same victim on the same occasion]; § 667.6, subd. (c).)  Sasser asserts that the court therefore could have lawfully imposed some concurrent or lesser sentence on counts 6, 13, and 16, such that the aggregate sentence would not exceed the 458-years-four-months-to-life sentence that was originally imposed.  (For example, if the court had imposed sentence on counts 6, 13, and 16 to run concurrently, the total sentence would have been just 330 years to life.)  Because the court did not do so, Sasser contends the court violated his right against double jeopardy.

Sasser's argument is meritless.  Because the original sentence was unauthorized, the court on remand was not required to impose less than full consecutive sentences on counts 6, 13, and 16.  As explained *ante*, there was no double jeopardy requirement to do so.  And to the extent Sasser argues that the court should have nonetheless showed leniency with respect to these counts because they were for offenses committed on the same occasion as other offenses, he fails to establish any abuse of discretion.  In short, Sasser has not demonstrated any sentencing error.

### B.  Imposition of Multiple Enhancements for Sasser's Prior Serious Felony

On remand, regarding the sentence calculated under the One Strike law, the court imposed a number of five-year enhancements for Sasser's prior serious felony

9

conviction (§ 667, subd. (a)): an enhancement to each of the indeterminate terms on counts 2 and 10, plus an enhancement to each of the determinate terms on the seven other counts. Sasser argues that only *one* recidivism enhancement may be imposed on the entire determinate term portion of his sentence (along with an enhancement for each of the indeterminate terms). Again, we must disagree.

### 1. Law

In *People v. Tassell* (1984) 36 Cal.3d 77 (*Tassell*), on which Sasser relies, the court considered whether an enhancement for a prior serious felony conviction (§ 667, subd. (a)) could be applied to each of several *determinate terms* imposed pursuant to *section 1170.1*. The court ruled that, although enhancements that relate to the acts constituting the offense (e.g., use of a firearm) can be added to each applicable count, enhancements that relate to the defendant's status or personal history (e.g. prior convictions under § 667.5 or 667.6) can be applied only once, to the aggregate sentence. (*Tassell*, at p. 90.) Therefore, as a status type of enhancement, an enhancement for a prior serious felony conviction can be applied only once, to the aggregate sentence, when the aggregate sentence is comprised of determinate terms imposed pursuant to *section 1170.1*. In the matter before us, however, Sasser was sentenced under the Three Strikes law, not section 1170.1.

Our Supreme Court in *Williams, supra,* 34 Cal.4th 397, thereafter considered whether an enhancement for a prior serious felony conviction (§ 667, subd. (a)) could be imposed on each of several *third strike indeterminate sentences* imposed under the *Three Strikes law*. The court distinguished *Tassell*, because *Tassell* involved determinate terms governed by section 1170.1: "Section 1170.1, however, applies only to *determinate* sentences. It does not apply to multiple indeterminate sentences imposed under the Three Strikes law." (*Williams*, at p. 402.) The *Williams* court concluded: "The Three Strikes law, unlike section 1170.1, does not draw upon any distinction between status enhancements, based on the defendant's record, and enhancements based on the circumstances of the current offenses, and the Three Strikes law generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each

10

new offense. Accordingly, we conclude that, under the Three Strikes law, section 667[, subd.] (a) enhancements are to be applied individually to each count of a *third strike* sentence." (*Williams*, at pp. 404-405, italics added.) Sasser, however, received *second* strike sentences.

The court in *People v. Misa* (2006) 140 Cal.App.4th 837 (*Misa*) later considered whether an enhancement for a prior serious felony conviction (§ 667, subd. (a)) could be imposed on both a *second strike determinate sentence* imposed under the *Three Strikes law* and an indeterminate sentence. The court acknowledged that *Williams* addressed third strike indeterminate sentences rather than a second strike determinate sentence, but concluded that "a similar analysis is applicable" in light of the policy objectives of the Three Strikes law. (*Misa,* at p. 846.)

2. Analysis

Unlike the defendant in *Tassell*, Sasser was not sentenced under section 1170.1, but under the Three Strikes law, which permits multiple enhancements. (See *Williams, supra,* 34 Cal.4th at p. 402; *Misa, supra,* 140 Cal.App.4th at p. 847.) Accordingly, the court did not err in imposing a recidivist enhancement as to each of Sasser's seven second-strike determinate terms.

Sasser urges that neither *Williams* nor *Misa* applies to this case: *Williams* did not address a *second* strike determinative sentence under the Three Strikes law, and *Misa* did not address a situation where, as here, there was *more than one* second strike determinate sentence under the Three Strikes law. He even interprets *Misa* as imposing a single five-year enhancement on the entire determinate *portion* of Misa's sentence (which happened to consist of just one determinate term), as opposed to a five-year enhancement for each determinate term (no matter how many there are).

Sasser's argument is unpersuasive. The point underlying *Williams* and *Misa* is that the imposition of a sentence under the authority of the Three Strikes law — whether as a determinate term for a second strike or an indeterminate term for a third strike — means the term is fundamentally different than a determinate term imposed under section 1170.1. Given the clear policy and intent behind the Three Strikes law — to increase

11

punishment for prior felony convictions — the fact that the sentence is governed by the Three Strikes law means that a recidivism enhancement under section 667, subdivision (a)(1) may be imposed on *each* count. (*Williams*, *supra*, 34 Cal.4th at p. 404; *Misa*, *supra*, 140 Cal.App.4th at pp. 846-847.)[4]

In sum, deciding whether a recidivism enhancement should be applied to each count or only once to the aggregate sentence, the key distinction is not whether the term for the count is determinate or indeterminate, but whether it was imposed pursuant to section 1170.1 or pursuant to the Three Strikes law. If the term was imposed under the Three Strikes law, either for a second strike offense or for a third strike offense, the enhancement must be applied.[5]

III. DISPOSITION

The sentencing order is affirmed.

---

[4] For example, *Williams* instructs us: "Under [the Three Strikes law], the status or nature of the offender as a person previously convicted of serious felony offenses does not result merely in a single additional term of imprisonment for each prior conviction added on to the overall sentence that would otherwise be imposed for all of the new offenses. Instead, the Three Strikes law uses a defendant's status as a recidivist to *separately* increase the punishment for *each* new felony conviction. For a defendant with a single qualifying prior conviction, the sentence for each new offense is double what it otherwise would be. [Citations.]" (*Williams*, *supra*, 34 Cal.4th at p. 404, fn. omitted.) The court therefore recognized that the purpose of the Three Strikes law is manifested in its provisions for second strike sentences as well as its provisions for third strike sentences.

[5] Alternatively, respondent argues, even if section 1170.1 applied to Sasser's second strike determinative sentences, section 1170.1 expressly permits imposition of multiple enhancements to sex offenses. (See § 1170.1, subd. (h), added by Stats. 2000, ch. 689, § 1, p. 4557.) Subdivision (h) of section 1170.1 reads: "For any violation of an offense specified in Section 667.6, the number of enhancements that may be imposed shall not be limited, regardless of whether the enhancements are pursuant to this section, Section 667.6, or some other provision of law. Each of the enhancements shall be a full and separately served term." Here, all nine of Sasser's offenses are listed in section 667.6, subdivision (e). Sasser counters that the absence of a limit on the number of enhancements is different than *mandating* imposition of the enhancements. In light of our conclusion that the Three Strikes law applies so as to permit an enhancement as to each count, we need not and do not address this issue.

12

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P.J.

_____

BRUINIERS, J.

(A136655)

13

Superior Court of Alameda County, No. C156534, C. Don Clay, Judge.

Dirck Newbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.