Filed 9/12/24  P. v. Jackson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILSON E. JACKSON,<br><br>    Defendant and Appellant. | B334453<br><br>Los Angeles County<br>Super. Ct. No. LA090234-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Reversed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance. E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We agree with both parties that appellant Wilson E. Jackson must be resentenced because the sentence imposed when he violated his probation is incorrect.

Wilson E. Jackson pleaded no contest to 29 criminal charges: nine counts of forgery, nine counts of grand theft, three counts of attempted grand theft, two counts of identity theft, five counts of passing checks with insufficient funds, and one count of grand theft by access card.  The trial court imposed and suspended an aggregate sentence of six years four months in the county jail and placed Jackson on probation.  On August 4, 2023, Jackson admitted violating probation. The trial court imposed the suspended county jail sentence.  Jackson filed a timely notice of appeal.

Jackson contends the trial court erred in imposing sentence for two counts of attempted grand theft (counts 18 and 27).  Specifically, he argues that under Penal Code[1] sections 664, subdivision (a) and 489, subdivision (c), the appropriate sentence for attempted grand theft is one-half of the term for completed grand theft.  He points out the trial court imposed sentences for completed grand theft on these two counts.  So instead of the consecutive eight-month middle term imposed on count 18, he should have been sentenced to a middle term of four months.  Instead of the concurrent two-year middle term imposed on count 27, he should have been sentenced to a middle term of one year.  Respondent agrees the sentences are incorrect, and so do we.

---

[1]     Further statutory references are to the Penal Code.

Section 664, subdivision (a) provides that an attempt to commit a crime carries a punishment that is one-half the term prescribed for the completed crime. Under section 489, subdivisions (a) & (c), grand theft is punishable by imprisonment for 16 months, two years, or three years. So the sentencing range for attempted grand theft is eight months, one year, or 18 months imprisonment.

But it gets more complicated. "Section 1170.1 sets forth the sentencing protocol for felony offenses for which a determinate low, middle or upper term of incarceration is imposed. It also sets forth the rules for imposing a consecutive sentence through the designation of 'principal' and 'subordinate' terms. First, the trial court is required to select a base term—either the statutory low, middle, or upper term—for each of the crimes. [Citations.] Second, if the court determines that a consecutive sentence is merited, it must designate the crime with the 'greatest' selected base term as the principal term and the other crimes as subordinate terms. (§ 1170.1, subd. (a).) Third, the court sentences the defendant to the full base term it selected for the principal term crime and one-third of the middle term for any crimes for which the sentence is ordered to run consecutively. (*Ibid*; see *People v. Felix* (2000) 22 Cal.4th 651, 655.)" (*People v. Neely* (2009) 176 Cal.App.4th 787, 797–798.) A subordinate term is one-third of the middle term even if the trial court had initially selected the lower or upper term as the base term. (*Id.* at p. 798.)

Here the court selected the three-year upper term for forgery on count 3 as the greatest base term sentence. It designated this crime as the principal term and imposed the full three-year sentence. It selected and imposed five 8-month consecutive middle terms (40 months) to get to an aggregate

3

sentence of six years four months.  But one of those consecutive sentences was for count 18, attempted grand theft.  A consecutive sentence for attempted grand theft is properly calculated as one-third of the middle term.  (*People v. Brown* (1987) 193 Cal.App.3d 957, 960.)  That would be four months (one-third of one year), not eight months.

The concurrent two-year sentence for count 27 was also incorrect.  Here the court mistakenly chose the middle term of two years for grand theft instead of the middle term of one year for attempted grand theft.  When sentencing concurrently, the trial court applies the full base term it has selected and does not use the one-third rule applicable to consecutive sentences. (*People v. Neely*, *supra*, 176 Cal.App.4th at p. 799.)

We vacate the entire sentence so the trial court can refashion the aggregate sentence as it deems appropriate. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant].)

We deny Jackson's request for judicial notice as moot.  It relates to the calculation of sentencing credits which, according to Jackson, the trial court has since resolved.

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.


5