Filed 4/22/21  P. v. Amador CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK TEOFILO AMADOR,<br><br>    Defendant and Appellant. | B304537<br><br>(Los Angeles County<br>Super. Ct. No. BA475591) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Jonathan Bremen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jaime L. Fuster and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Frank Teofilo Amador (defendant) appeals from the judgment following his convictions on three counts based on an incident of domestic violence. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal. We did so, and requested supplemental briefing from the parties regarding (1) imposition of mandatory assessments, and (2) application of the "Three Strikes" law.

Having considered that briefing, we conclude the trial court erred by imposing assessments on only one of the counts of which defendant was convicted, and direct the trial court to impose those assessments on the other two counts as well. We also remand for the trial court either to double the sentence on defendant's third count, pursuant to the Three Strikes law, or to dismiss the prior strike conviction as to that count.

## FACTUAL BACKGROUND

On March 2, 2019, defendant was staying at the home of his girlfriend, F.F. Defendant sneezed and coughed while standing in the kitchen over some salsa F.F. had made. When F.F. asked him what he was doing, he hit her several times with his fist, then grabbed her by the neck. He also threw a blender blade at her, which she stepped on, cutting her foot.

F.F.'s son J.F., age 16, came down the hallway towards the kitchen. Defendant met him in the hallway and hit him twice on the head.

F.F. and J.F. locked themselves in J.F.'s room. F.F. called 911, but hung up when defendant said through the door that if she called the police "somebody was going to die in there." F.F.

2

and J.F. climbed out the bedroom window, walked a block away, and called the police from there.

## PROCEDURAL BACKGROUND

An information charged defendant with four counts. Count 1 alleged injury to a spouse, cohabitant, boyfriend, girlfriend or child's parent after a prior conviction under the same statute (Pen. Code,[1] § 273.5, subd. (f)).  Count 2 alleged assault with a deadly weapon, the blender blade (§ 245, subd. (a)(1)).  Count 3 alleged criminal threats (§ 422, subd. (a)). Count 4 alleged child abuse under circumstances or conditions other than great bodily injury or death (§ 273a, subd. (b)), a misdemeanor.

The information further alleged that defendant had suffered a prior serious or violent felony conviction, subjecting him both to sentencing under the Three Strikes law (§§ 667, subd. (b)–(j), 1170.12) and an enhancement under section 667, subdivision (a)(1).

The jury found defendant guilty of counts 1, 3, and 4, and acquitted him of count 2, assault with a deadly weapon. Defendant admitted to his prior convictions.

The trial court imposed a sentence of 15 years as follows: on count 1, the high term of five years, doubled to 10 because of the prior strike conviction, with an additional five years for the enhancement under section 667, subdivision (a)(1); on count 3, the high term of three years, to be served concurrent to count 1; and on count 4, 180 days to be served concurrent to count 1.

---

[1] Unspecified statutory citations are to the Penal Code.

The trial court imposed fines and assessments, including a $40 court operations assessment under section 1465.8, subdivision (a)(1), and a $30 criminal conviction assessment under Government Code section 70373.  The court also awarded custody credits.

Defendant timely appealed, and we appointed counsel to represent him.  Counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record to determine if the lower court committed any error. We advised defendant of the opportunity to file a supplemental brief.  He filed none.

After reviewing the record, we requested briefing from the parties as to whether the trial court erred by (1) not imposing assessments under section 1465.8 and Government Code section 70373 on each of defendant's three convictions, and (2) failing either to double the sentence on count 3 pursuant to the Three Strikes law, or to dismiss the prior strike conviction as to that count.  We have received and considered the requested briefs.

## DISCUSSION

### A.    The Trial Court Must Impose Assessments Under Section 1465.8 and Government Code Section 70373 on Each of Defendant's Three Convictions

Section 1465.8, subdivision (a)(1), provides that "an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ."  Government Code section 70373, subdivision (a)(1) similarly provides that "an assessment shall be imposed on every conviction for a criminal offense . . . ."  In the case of a felony or misdemeanor, the amount

4

of the assessment is $30.  (*Ibid.*)  Here, the trial court imposed the assessments only once.  Because defendant was convicted of three offenses, however, the trial court should have imposed the assessments three times, for a total of $120 under section 1465.8 and $90 under Government Code section 70373.

Defendant argues that, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas)*, the trial court was permitted to stay imposition of the assessments based on defendant's inability to pay, and we should presume that is what the trial court implicitly did here.  Alternatively, defendant requests that we remand for the trial court to conduct a hearing on defendant's ability to pay the assessments.  The Attorney General agrees we should remand for an ability-to-pay hearing.

*Dueñas* is distinguishable and inapplicable to the instant case.  In *Dueñas*, an unemployed, homeless mother with cerebral palsy lost her driver's license when she was unable to pay over $1,000 assessed against her for three juvenile citations.  (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160–1161.)  Thereafter she received multiple convictions related to driving with a suspended license, each accompanied by jail time and additional fees she could not afford to pay.  (*Id*. at p. 1161.)  The trial court rejected Dueñas's request to hold an ability-to-pay hearing despite undisputed evidence that she was indigent.  (*Id*. at p. 1163.)

The appellate court reversed, holding that due process prohibited imposing the same assessments at issue here and required the trial court to stay execution of the restitution fine until the trial court held an ability-to-pay hearing.  (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)  The court expressed concern for "the cascading consequences of imposing fines and assessments that a defendant cannot pay," noting that Dueñas's

5

case " 'doesn't stem from one case for which she's not capable of paying the fines and fees,' but from a series of criminal proceedings driven by, and contributing to, Dueñas's poverty." (*Id*. at pp. 1163–1164.)  The court referenced "the counterproductive nature of this system and its tendency to enmesh indigent defendants in a cycle of repeated violations and escalating debt."  (*Id*. at p. 1164, fn. 1.)

In *People v. Caceres* (2019) 39 Cal.App.5th 917 (*Caceres*), we declined to apply *Dueñas* beyond its "extreme facts."  (*Id*. at p. 923.)  We thus rejected a *Dueñas* challenge brought by a defendant convicted of criminal threats, concluding that offense "on its face is not a crime either 'driven by' poverty or likely to 'contribut[e] to' that poverty such that an offender is trapped in a 'cycle of repeated violations and escalating debt.' [Citation.]  A person may avoid making criminal threats regardless of his or her financial circumstances, and the imposition of $370 in fees and fines will not impede [the defendant]'s ability to avoid making criminal threats in the future."  (*Caceres*, at pp. 928–929.)

Here, as in *Caceres*, defendant's offenses—attacking and threatening his girlfriend and her son—are not crimes likely to trap him "in a 'cycle of repeated violations and escalating debt,' " particularly when he may abstain from committing those offenses in the future regardless of his financial circumstances.  (*Caceres*, *supra*, 39 Cal.App.5th at pp. 928–929.)  *Dueñas* is therefore inapplicable to the facts of this case and does not provide a basis for the trial court to stay the imposition of the mandatory assessments.

Defendant argues that the prosecution forfeited the assessments issue by not raising it in the trial court.  Failure to

6

impose a mandatory fee results in an unauthorized sentence that may be corrected on appeal " 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' " (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1414–1415.)

## B. The Trial Court Must Either Double the Sentence on Count 3 or Dismiss the Prior Strike as to That Count

The Three Strikes law "shall be applied in every case in which a defendant has one or more prior serious or violent felony convictions . . . ." (§ 667, subd. (f)(1).) If a defendant has one such prior conviction, "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." (*Id.*, subd. (e)(1).) A trial court has authority under section 1385, however, to dismiss a prior strike conviction rather than impose the doubled sentenced mandated under section 667, subdivision (e)(1). (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.) Further, the trial court may "dismiss a prior conviction allegation with respect to one count but not another." (*People v. Garcia* (1999) 20 Cal.4th 490, 492–493.)

Here, the trial court doubled the sentence on count 1 pursuant to the Three Strikes law, but did not do so on count 3.[2] The trial court did not indicate it was exercising its authority under section 1385 to dismiss the prior strike conviction as to count 3. The parties agree this was error, and that we must remand the matter so the trial court may either double the concurrent sentence on count 3 or dismiss the prior strike as to that count.

_____

[2] The Three Strikes law does not apply to count 4, a misdemeanor. (See § 667, subd. (e)(1) [applying to "punishment for the current *felony* conviction," italics added].)

The Attorney General appears to suggest that we vacate the sentence entirely and remand for full resentencing.  Our Supreme Court has held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  The authority cited for this proposition, however, involved not merely alteration of a sentence, but " 'reversal of one or more subordinate counts of a felony conviction.' "  (*Ibid.*, quoting *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259.)  Here, we are not reversing any part of the verdict, nor are there any " 'changed circumstances' "—indeed, because the trial court imposed a concurrent sentence on count 3, doubling the sentence on that count or dismissing the prior strike will not affect the length of defendant's total sentence.  Thus, a limited remand solely to correct the Three Strikes issue on count 3 is appropriate.  (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 442 ["courts in California have long approved limited remands for the correction of unauthorized sentences"].)

Defendant, citing *People v. Brown* (1987) 193 Cal.App.3d 957, 961, contends we must direct the trial court not to increase his sentence on remand beyond the 15 years originally imposed.  We need not reach this argument, nor do we express an opinion on it.  The trial court imposed a concurrent sentence on count 3, and therefore, assuming arguendo the trial court on remand opts to double the sentence on that count rather than dismiss the prior strike conviction, defendant's actual sentence will not increase.

## DISPOSITION

The matter is remanded for the trial court either to double the concurrent three-year sentence on count 3 to six years or dismiss the prior strike conviction as to that count.  The trial court is further instructed to impose two additional $40 assessments under Penal Code section 1465.8 and two additional $30 assessments under Government Code section 70373.  The judgment is otherwise affirmed.  The trial court shall forward the modified abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

*  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9