[No. F005090. Fifth Dist. Sept. 18, 1985.]

In re MICHAEL L. THOMPSON on Habeas Corpus.

**COUNSEL**

Michael L. Thompson, in pro. per., and Paula F. Schmidt, under appointment by the Court of Appeal, for Petitioner.

John K. Van de Kamp, Attorney General, William G. Prahl and Cathy A. Neff, Deputy Attorneys General, for Respondents.

**OPINION**

**BEST, J.**—In this original proceeding upon application for writ of habeas corpus we must determine whether a prisoner's indeterminate life sentence may be tolled until completion of a subsequently imposed determinate term for crimes committed in prison while serving the life term. We hold that service of the life sentence may not be interrupted or tolled pending completion of the determinate term.

### Procedural and Factual Statement

On September 19, 1975, the Orange County Superior Court sentenced petitioner to state prison for life with possibility of parole upon petitioner's conviction of two counts of first degree murder and other crimes. Petition-

er's minimum eligible parole date on this commitment was November 19, 1981. Pursuant to Board of Prison Terms regulations, a parole consideration hearing was held on September 30, 1980. Parole was denied and a further hearing was calendared for October 1981. In October 1981, however, petitioner was out to court in San Bernardino County undergoing prosecution for three counts of assault with a deadly weapon committed while in prison earlier in 1981. His parole hearing was postponed pending completion of the criminal proceedings. On May 10, 1982, petitioner was convicted upon his plea of guilty to three counts of assault with a deadly weapon with great bodily injury. On July 14, 1982, the San Bernardino Superior Court sentenced petitioner on each count to the aggravated term of four years plus three years for the great-bodily-injury enhancement and ordered the terms to be served concurrently. This seven-year term was ordered to be served consecutively to the life term petitioner was already serving.

Petitioner was received back in state prison on July 14, 1982, and the Department of Corrections, relying on Penal Code section 669,[1] tolled the life term as of that date and until petitioner completed the seven-year sentence imposed by the San Bernardino County Superior Court.

Petitioner's petition for writ of habeas corpus filed in the Kern County Superior Court was denied on November 30, 1984.

The instant petition was filed in this court on January 4, 1985.

### Discussion

### I

*May a prisoner's indeterminate life sentence be tolled until completion of a subsequently imposed determinate term based on convictions for crimes committed in prison?*

■ Briefly stated, petitioner contends that section 1170.1, subdivision (c), requires the seven-year determinate term imposed by the San Bernardino Superior Court to begin only upon completion of the indeterminate life term imposed by the Orange County Superior Court. Respondents, on the other hand, contend that section 669 requires the tolling of the indeterminate term until completion of the determinate term. For reasons that will appear, we agree with petitioner.

California Rules of Court, rule 451(a) provides in pertinent part: "When a defendant is sentenced under section 1170 and the sentence is to run

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

consecutively to a sentence imposed under section 1168 in the same or another proceeding, the judgment shall specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, shall order that the determinate term shall be served consecutive to the sentence under section 1168, and shall identify the proceedings in which the indeterminate sentence was imposed. The term under section 1168, and the date of its completion or parole date, and the sequence in which the sentences are deemed served, will be determined by correctional authorities *as provided by law*.'' (Italics added.)

While the correctional authorities make the determination of the sequence in which the different terms will be served, as the underscored language makes clear, the determination must be made pursuant to law. With regard to the facts in this case, the Legislature has specifically provided in section 1170.1, subdivision (c), as follows: "In the case of any person convicted of one or more *felonies committed* while such person· is confined *in a state prison,* or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the *court imposes consecutive terms, the term* of imprisonment for all such convictions which such person is required to serve consecutively *shall commence from the time such person would otherwise have been released from prison.* If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings." (Italics added.)

Thus, section 1170.1, subdivision (c), specifically provides that in any situation where the court imposes consecutive terms for felonies committed while the felon is confined in a state prison, such terms shall commence from the time such person would otherwise have been released from prison. It makes no distinctions between felons who are serving determinate or indeterminate terms when they commit the in-prison crimes, nor does it otherwise except life prisoners from its provisions.

In the instant case, petitioner was convicted for felonies committed while confined in a state prison and the court did impose consecutive terms. Therefore, pursuant to California Rules of Court, rule 451, *supra,* the correctional authorities are required to hold petitioner until he would otherwise have been released from prison and then commence his consecutive term for the in-prison felonies.

Respondents contend that the tolling of the indeterminate term in this case until service of the determinate term was authorized and required by the

provisions of section 669. Section 669 provides in pertinent part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively; life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another or with any other term of imprisonment for a felony conviction. *Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to* Sections 1170, *1170.1,* 667.5, 12022, 12022.5, 12022.6, and 12022.7, *the determinate term of imprisonment shall be served first* and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046." (Italics added.)

As can be seen, contrary to respondents' contention, there is no provision in section 669 for the tolling of the indeterminate term in this case. A literal reading of section 669 would make that section applicable only in a case where a life sentence is ordered to run consecutive to a determinate term, and not vice versa. However, in *People* v. *Grimble* (1981) 116 Cal.App.3d 678 [172 Cal.Rptr. 362], the court discussed the proper method of sentencing a defendant who had been committed to prison for a determinate term and then, in a separate proceeding, committed to prison on a life offense and gave a broad construction of the language as follows: "We construe Penal Code section 669 to mean that whenever a person is sentenced to prison on a life sentence and any other term of imprisonment for a felony conviction, and the sentences are to run consecutively, the sentence must provide that the determinate term of imprisonment shall be served first and the life sentence shall be consecutive to the determinate term, and not vice versa." (*Id.,* at pp. 684-685.)

Respondents argue that under *Grimble* the determinate term must be served first regardless of the sequence of conviction or the fact that the indeterminate term has been partially served before the determinate term has been imposed. The problem here, however, is that petitioner's determinate term is not being served first but is being served second, interrupting the indeterminate term. Neither section 669 nor *People* v. *Grimble* authorizes the correctional authorities or the courts to toll an indeterminate sentence while a determinate term is served.

We believe that the clear language of section 1170.1, subdivision (c), and section 669 evidences the legislative intent that section 1170.1, subdivision (c), is to control where a subsequently imposed determinate term is ordered

to be served consecutively to a previously imposed indeterminate term. The Legislature is presumed to have meant what it said, and the plain meaning of the language governs. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) To the extent that any inconsistency in the language of the two statutes may be perceived, section 1170.1, subdivision (c), being the more specific statute, would control. ■ "Where a general and specific provision on a particular subject are inconsistent, the latter must take precedence over the former. (See Code Civ. Proc., § 1859; *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]; *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 637 [268 P.2d 723].)" (*People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1168 [205 Cal.Rptr. 227].)

## II

*Does this court lack jurisdiction to proceed on the petition for writ of habeas corpus in light of the fact that petitioner has failed to exhaust his administrative remedies?*

■ Respondents contend that this court lacks jurisdiction to proceed with a petition for writ of habeas corpus filed by a state prison inmate until the inmate has exhausted his administrative remedies.

In *In re Strick* (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293], the court discussed this issue as follows: ■ "It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291-296 . . . .) This general rule applies to applications for habeas corpus relief (*In re Muszalski* (1975) 52 Cal.App.3d 500 . . .) where the Department of Corrections 'has provided inmates with viable, efficacious administrative remedies.' (*Id.,* at p. 508.)

"However, the requirement of exhaustion of administrative remedies does not apply if the remedy is inadequate. (*Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 342 . . . .) '[T]he doctrine . . . has not hardened into inflexible dogma. [Citation.] It contains its own exceptions, as when the subject matter of the controversy lies outside the administrative agency's jurisdiction [citation], when pursuit of an administrative remedy would result in irreparable harm [citations], when the administrative agency cannot grant an adequate remedy . . . and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be. [Citations.]' (*Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 . . . .)"

■ The last exception applies here. Respondents' exhibit F, a memo from Joan Cavanaugh, executive officer of the Board of Prison Terms, expounds upon the board's position regarding the applicability of section 669 to a life prisoner that incurs a consecutive determinate term while serving a life term. "[T]he service of the life term is stopped while the prisoner serves the determinate term." Moreover, respondents' position here and in the lower court has been that petitioner is not entitled to the relief he seeks. Therefore, petitioner can state positively what the administrative agency's decision in this particular case would be, i.e., deny any application for any administrative remedy. Petitioner "is not required to pursue a futile remedy." (*In re Strick, supra,* 148 Cal.App.3d at p. 912.)

The petition is granted. Respondents shall recommence parole hearings in petitioner's case as expeditiously as possible to determine petitioner's parole release date on the indeterminate life term as if that term had not been tolled. Upon determination of that parole release date, petitioner's determinate term shall be deemed to have commenced, or shall commence, as the case may be, upon that date.

Woolpert, Acting P. J., and Ritchey, J.,* concurred.

A petition for a rehearing was denied October 15, 1985, and petitioner's application for review by the Supreme Court was denied December 18, 1985.

---

*Assigned by the Chairperson of the Judicial Council.