Filed 7/22/25  P.v. Fregoso CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY DAVID FREGOSO,<br><br>    Defendant and Appellant. | D086000, D086001, D086002<br><br><br>(Super. Ct. Nos. RIF10004623, RIF1100623, SWF10001920) |

CONSOLIDATED APPEALS from an order of the Superior Court of Riverside County, Walter H. Kubelun, Judge.  Reversed and remanded with instructions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Randy David Fregoso appeals the denial of his request for compassionate release under Penal Code section 1172.2.  Relying on *In re*

*Brissette* (2025) 112 Cal.App.5th 147, Fregoso argues the denial order is void because Riverside County Superior Court was not authorized to rule on the request. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we reverse and remand with instructions.

## I.

In 2011, Riverside County Superior Court sentenced Fregoso to a total of 16 years in prison for offenses arising from two different cases, including two counts of willful harm or injury to a child each with a firearm enhancement (Pen. Code, §§ 273a(a), 12022.5(a)) and one count of assault with a deadly weapon (§ 245(a)(1)).

In 2019, while incarcerated in Kern County, Fregoso was convicted of an in-prison felony, for which Kern County Superior Court sentenced him to an additional four years in prison. This term for an in-prison felony, known as a *Thompson* term, would not begin to run until *after* Fregoso completed the term for his out-of-prison offenses. (See *In re Thompson* (1985) 172 Cal.App.3d 256, 260.)

In 2023, Fregoso was diagnosed with glioma, an incurable cancerous brain tumor. Based on that diagnosis, the California Department of Corrections and Rehabilitation informed the courts in both Riverside and Kern Counties that Fregoso met the clinical criteria for compassionate release under section 1172.2.

Kern County Superior Court granted compassionate release and recalled the *Thompson* term it imposed. The court determined it "ha[d] no authority on the Riverside case whatsoever."

2

In a subsequent hearing, Riverside County Superior Court denied compassionate release after finding Fregoso posed an unreasonable risk of danger to public safety.

## II.

Fregoso argues Riverside County Superior Court's order denying his request for compassionate release is void because it lacked jurisdiction. The People respond we should affirm on the merits. Fregoso has the better argument.

Section 1172.2 creates a presumption in favor of recall and resentencing an incarcerated defendant who (1) has a serious and advanced illness with an end-of life trajectory or (2) is permanently medically incapacitated, unless the court finds the defendant poses an unreasonable risk of danger to public safety. (§ 1172.2(b).)

*Brissette* recently interpreted section 1172.2 to require a single court— the sentencing court—to resolve a defendant's request for compassionate release. (*Brissette*, 112 Cal.App.5th at p. 162.) *Brissette* also determined "when a court imposes a *Thompson* term/section 1170.1(c) term," the defendant still has "only one sentence" because the *Thompson* term is a "separate and distinct component of [the defendant's] single total sentence." (*Id.* at p. 172.) In such a situation, the last court to impose a sentence "is considered to be the sentencing court" for compassionate release purposes. (*Id.* at p. 173.) A court that imposed an earlier sentence is "no longer the sentencing court." (*Ibid.*) Thus, that earlier court no longer has authority to rule on a compassionate release request. (*Ibid.*)

A court fundamentally lacks jurisdiction "when it has no authority at all over the subject matter . . . or when it lacks any power to hear or determine the case." (*People v. Ford* (2015) 61 Cal.4th 282, 286.) If a court

3

lacks such jurisdiction, its ruling is void. (*Ibid*.) A claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal. (*Ibid*.)

*Brissette* was issued after briefing was complete in this case, so we asked the parties to submit supplemental briefing about its impact, if any, on this appeal. In response, Fregoso argues *Brissette* means Riverside County Superior Court lacked authority to rule on his compassionate release request and thus its ruling is void. The People, who filed their supplemental brief eight days after Fregoso's, do not address this voidness argument. Instead, they contend *Brissette* is not implicated here because the only issue on appeal is whether the superior court properly denied the request. But a court lacking fundamental jurisdiction over an issue cannot properly rule on it, so this question of jurisdiction is a threshold matter in assessing the denial of compassionate release.

Here, Riverside County Superior Court did not have jurisdiction over Fregoso's compassionate release request because by then it was not the sentencing court. Kern County Superior Court imposed Fregoso's most recent sentence, the *Thompson* term, in 2019. At that point, Kern County Superior Court replaced Riverside County Superior Court as "the sentencing court" for compassionate release purposes. (See *Brissette*, 112 Cal.App.5th at p. 173.) Consequently, when Riverside County Superior Court ruled on Fregoso's compassionate release request in 2024, it had no authority to do so. And because Riverside County Superior Court lacked authority over the request, it lacked jurisdiction and its ruling is thus void. (*Ford*, 61 Cal.4th at p. 286.)

A void order cannot stand, so we will reverse it and instruct the court to vacate the order. As a result, we do not consider the parties' arguments on

the merits of whether the trial court abused its discretion in finding Fregoso was an unreasonable risk of danger to public safety.

### III.

We reverse the Riverside County Superior Court order denying Fregoso's request for compassionate release and remand with instructions for the court to vacate the order.

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.