Filed 9/24/25  P. v. Rojas CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>ERIC ALEX ROJAS,<br><br>    Defendant and Appellant. | G063778<br><br>(Super. Ct. No. 16CF0323)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Nora S. Weyl, Deputy Attorney General, for Plaintiff and Respondent.

\*　　　\*　　　\*

Penal Code section 1172.75[1] renders prior prison term enhancements imposed under former section 667.5, subdivision (b), legally invalid and provides a resentencing procedure for inmates "serving a term for a judgment that includes" (§ 1172.75, subd. (b)) such an enhancement. The question we confront is whether a defendant who completed serving his original term, but is serving an additional term due to crimes committed in prison, qualifies for resentencing.

We conclude he does not. Following the reasoning of *People v. Escobedo* (2023) 95 Cal.App.5th 440 (*Escobedo*), we hold that Rojas is no longer "serving a term for a judgment that includes" the invalid enhancement and is therefore ineligible for relief as a matter of law. Accordingly, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Rojas pleaded guilty to attempted murder (§§ 664, 187, subd. (a)) and other offenses and enhancements, including a one-year prior-prison enhancement pursuant to former section 667.5, subdivision (b). He was sentenced to an aggregate term of six years in state prison, consisting of five years for the attempted murder plus a one year consecutive term for personally using a deadly weapon (§ 12022, subd. (b)(1)). The trial court imposed but struck the punishment for the section 667.5 enhancement at sentencing.

While incarcerated, Rojas committed additional crimes, resulting in two separate convictions in Kern County Superior Court.[2] In 2020, he was

---

[1] All statutory references are to the Penal Code.

[2] We grant Rojas's unopposed motion to augment the record with the abstracts of judgment for the two in-prison convictions.

convicted in Kern County of assault with a deadly weapon by a prisoner (§ 4501, subd. (a)) and sentenced to a prison term of two years and four months. In 2022, he was convicted in Kern County of assault and battery by a prisoner (§§ 4501, subd. (b); 4501.5) and sentenced to a 10-year prison term.

On November 14, 2023—more than six years after being sentenced in the Orange County case—the Orange County Public Defender filed a petition for recall and resentencing on Rojas's behalf pursuant to sections 1172.7 and 1172.75, noting that his name appeared on a list provided by the California Department of Corrections and Rehabilitation (CDCR) of persons potentially eligible for relief.[3] On December 15, 2023, the superior court denied the petition in a written order, finding Rojas ineligible for relief because the prior-prison term enhancement in his 2016 case had been stayed or stricken at the time of sentencing.

Rojas timely appealed. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, finding no arguable issues. After the California Supreme Court issued its decision in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), this court requested supplemental briefing from the parties on Rojas's entitlement to resentencing. Both parties submitted supplemental briefs.

## DISCUSSION

We initially requested supplemental briefing on whether a defendant whose section 667.5 enhancement has been *stricken* qualifies for relief under section 1172.75—a question expressly left open by our Supreme

---

[3] We grant Rojas's unopposed request for judicial notice of a redacted version of the California Department of Corrections List of persons eligible for Penal Code section 1172.75 resentencing in Orange County.

Court in *Rhodius*. (*Rhodius, supra,* 17 Cal.5th at p. 1066, fn.2.) In their supplemental brief, the People have conceded that the rationale of *Rhodius* extends to stricken enhancements, not merely stayed enhancements. We accept that concession for purposes of this appeal.

However, the People have raised a second issue, which Rojas also addressed in his supplemental brief: whether a defendant who has completed serving his original term that included a section 667.75 enhancement, but is still serving a term resulting from an in-prison conviction, qualifies for relief under section 1172.5. Resolving this issue presents a question of statutory interpretation that we review de novo. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

Section 1172.75 provides that any sentence enhancement imposed prior to January 1, 2020, under former section 667.5, subdivision (b), is "legally invalid." (§ 1172.75, subd. (a).) The statute directs the CDCR to identify inmates who are "serving a term for a judgment that includes" such an enhancement and notify the sentencing court. Upon receiving this notification, the court must recall the sentence and resentence the defendant.

Under the plain language of section 1172.75, Rojas is not eligible for relief because he is not "currently serving a term for a judgment that includes" an invalid enhancement. Section 1170.1, subdivision (c), provides, "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison," where "the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison." As this statute makes clear, the

4

term resulting from the in-prison offenses is separate and begins when the earlier prison term is fully served. Rojas has already completed the six year term imposed in his 2016 Orange County judgment. His present incarceration stems solely from the two subsequent judgments from Kern County for the assaults he committed while in prison. Neither of those judgments includes a prior prison term enhancement under former section 667.5. Under the plain language of the statute, therefore, he is not "serving a term for a judgment that includes" such an enhancement. Thus, he is ineligible for relief.

The court in *Escobedo* reached the same conclusion on nearly identical facts. In *Escobedo*, the defendants had been sentenced to prison terms that included now-invalid prior prison term enhancements. While in prison, they committed new crimes and received new, consecutive sentences. The court held they were ineligible for section 1172.75 relief because when they filed their resentencing petitions, they had already completed their original terms and were serving new terms for their in-prison offenses. As we have, the court relied on section 1170.1, subdivision (c), to conclude that "the prior prison term enhancements for the [original] convictions did not carry over to the consecutive sentences imposed for the new in-prison offenses." (*Escobedo, supra,* 95 Cal.App.5th 440 at p. 451.)

Rojas argues *Escobedo* is unpersuasive and urges us to follow *In re Brissette* (2025) 112 Cal.App.5th 147, which held that a consecutive term for an in-prison offense is a "component of a single total sentence" rather than an entirely separate sentence. (*Id.* at p. 172.) However, the issue in *Brissette* was entirely different than what we face here. The question there arose under the compassionate release statute, section 1172.2. The issue that had

arisen was that the defendant had been originally sentenced by the Los Angeles County Superior Court, but was later sentenced by the Kern County Superior Court for an in-prison offense. The California Department of Corrections and Rehabilitation had sent notices to both superior courts that the defendant was eligible for compassionate release due to his medical condition. The Kern County Superior Court denied release. Two months later, the Los Angeles Superior Court granted the petition for compassionate release. (*Id.* at pp. 156-157.) The question on appeal was, which court was the proper venue for the petition. The *Brissette* court resolved that dilemma by holding that the term for the original offense and the term for the in-prison offense combine to make a single aggregate sentence, and the sentencing court is deemed to be the last court to issue a sentence — i.e., the court that sentenced the defendant for the in-prison offense. (*Id.* at pp. 171-172.) Because Kern County was the last sentencing court, its denial of the compassionate release petition prevailed.

Rojas's reliance on *Brissette* is misplaced. That court's focus was on the meaning of a "sentence" for jurisdictional purposes. Section 1172.75, by contrast, uses the more specific phrase "serving a term for a judgment." The *Brissette* court observed that when an in-prison term is involved, "there remains a single total sentence. That single total sentence is composed of two separate and distinct components: an outside-prison term and a *Thompson* term that are calculated and derived separately from each other."[4] (*Id.* at p. 171.) Here, the critical concept in section 1172.75 is the *term*, not the

[4] "The fully consecutive sentence imposed under section 1170.1(c) for an in-prison offense is often called a '*Thompson* term,' in reference to *In re Thompson.*" (*Brissette, supra,* 112 Cal.App.5th at p. 168 (citing 172 Cal.App.3d 256).)

6

sentence. Rojas is not serving a *term* resulting from a *judgment* that includes a prison-prior enhancement. He already served that term. Because only the 2016 judgment included the now-invalid enhancement, and he has fully served the term for that judgment, he is ineligible for relief under section 1172.75.

DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

SCOTT, J.

7