Filed 10/9/25

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E083029 |
| v. | (Super.Ct.No. RIF109550) |
| PERRYN MICHAEL MCKEAN, | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Melissa Mandel and Elizabeth Renner, Deputy Attorneys General, for Plaintiff and Respondent.


1

Defendant and appellant Perryn Michael McKean appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1] The court determined defendant was ineligible because he was not "currently" serving time (*id.* at subd. (c)) on a judgment that included punishment for his three prior prison commitments (§ 667.5, subd. (b)). Rather, he had completed that sentence and was currently incarcerated for in-custody offenses that by law (§ 1170.1, subd. (c)) were consecutive to his already-served term that included the prison priors. Defendant characterizes precedent holding a defendant ineligible for section 1172.75 resentencing in such circumstances (*People v. Escobedo* (2023) 95 Cal.App.5th 440 (*Escobedo*)) as mere dicta and, on the merits, inconsistent with the Legislature's intent in enacting the statute. In the alternative, he asserts an equal protection violation. We find no error and therefore affirm the trial court's order.

## BACKGROUND

In February 2005, the trial court sentenced defendant to a total term of 10 years in prison, comprised of three years for assault with a deadly weapon (§ 245, subd. (a)(1)) and seven years for various enhancements. The enhancements included consecutive terms of three years for inflicting great bodily injury on the victim (§ 12022.7, subd. (a)), a year for personal use of a weapon (§ 12022, subd. (b)(1)), and, of relevance here: a year each for defendant's three prior prison commitments (§ 667.5, subd. (b)).

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise indicated.

2

In December 2023, the trial court considered whether defendant was eligible for recall of his sentence under section 1172.75, based on the inclusion of his name on a list of potentially eligible inmates compiled by the California Department of Corrections and Rehabilitation (CDCR). (See § 1172.75, subd. (b).) Given that almost 20 years had elapsed since defendant's 10-year sentence was imposed, the trial court considered it unlikely defendant was currently incarcerated under the original judgment that included his prior prison commitments, "unless there was some aggregate term that was later imposed." The court acknowledged "a number of interesting things . . . could have happened." For instance, "he may be back [in prison] on this case [i.e., his original 10-year term] on a parole violation." The court adjourned for the parties to look into the matter, including by obtaining defendant's "rap sheet."

When the court and counsel reconvened, the prosecutor continued to oppose recall and resentencing on grounds that defendant was ineligible based on, as reflected in his rap sheet, "a number of in-custody offenses that would explain why [he] is still incarcerated." The court asked defense counsel to address *Escobedo*, in particular the appellate court's conclusion there that defendants are ineligible for resentencing under section 1172.75 when they are currently serving a term that is *not* for a judgment that includes an enhancement for a prior prison commitment, but rather a subsequent, consecutive prison term for an in-custody offense. Those subsequent terms commence at the conclusion of the sentence a defendant was serving when they committed a new offense in prison. (*Escobedo*, *supra*, 95 Cal.App.5th at p. 452, citing § 1170.1, subd. (c).) In response, defense counsel dismissed *Escobedo* as dicta, argued in any event that the

3

Legislature's general purpose in enacting section 1172.75 "to reduce the sentence" still applied to defendant, and asserted that any contrary conclusion "violates equal protection and due process."

The trial court found, based on defendant's rap sheet, that there was no "dispute about how he's still in custody," namely, that he was currently incarcerated for his in-prison offenses rather than under his original judgment that included enhanced terms for prison priors, which he had fully served. The court found *Escobedo* "is good law" and rejected defendant's equal protection argument, concluding that deterring the commission of "subsequent offenses" in prison was a "rational basis" for the Legislature to withhold extending resentencing relief under section 1172.75 to those defendants. Finding defendant ineligible for resentencing, the court concluded, "So I'm going to rule consistently with *Escobedo* that he's not entitled to relief."

**DISCUSSION**

On appeal, defendant reasserts his same contentions as below, minus the due process claim. Specifically, he contends *Escobedo* does not forestall relief because its analysis was dicta; furthermore, he claims *Escobedo*'s analysis is unpersuasive because section 1172.75 evinces an overarching intent to reduce prison sentences; and, finally, if *Escobedo* applies, defendant argues that withholding resentencing relief for inmates who commit in-prison offenses violates equal protection. None of these arguments persuades us that the trial court erred.

Our review regarding eligibility for recall and resentencing under section 1172.75 is de novo. (*People v. Tang* (2025) 109 Cal.App.5th 1003, 105.)

4

At the time of defendant's conviction and sentencing for assault in 2005, including imposition of three enhanced terms for his prior prison commitments, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Subsequently, section 1172.75 now provides, with an exception that is not applicable here: "Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a), italics added.)[2]

Critical to our analysis here, section 1172.75 provides in express language a resentencing trigger that is expressly conditional. The statute authorizes recall and resentencing only *"[i]f"* the superior court in which the defendant was sentenced "determines that the [defendant's] *current judgment* includes an enhancement described in subdivision (a)," i.e., a prior prison term enhancement under section 667.5, subdivision (b), for an offense other than a sexually violent one. (§ 1172.75, subd. (c), italics added; see *id.*, subd. (b) [specifying sentencing court as recall and resentencing venue].) In reviewing statutory language, absent ambiguity, "[t]he statute's plain meaning controls." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Also relevant to our analysis, section 1170.1, subdivision (c), provides: "In the case of any person convicted of one or more felonies committed *while the person is*

---

**2** The statute specifies that only prison prior enhancements "for a prior conviction for a sexually violent offense" remain valid. (§ 1172.75, subd. (c).)

*confined in the state prison . . .* and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively *shall commence from the time the person would otherwise have been released from prison*." (Italics added.)

In *Escobedo*, the reviewing court considered appeals by two different inmates who filed petitions in the trial court for resentencing relief under section 1172.75. They did so without awaiting CDCR's assessment of whether they were potentially eligible for relief, which *Escobedo* found was a necessary predicate to the orderly administration of the statute's recall and resentencing procedure. (*Escobedo*, *supra*, 95 Cal.App.5th at pp. 447-448, citing § 1172.75, subd. (b)'s express terms.) Accordingly, the trial court lacked jurisdiction under the statute to hear the resentencing petitions the defendants initiated themselves. (*Ibid.*) Hence, the trial court did not err, as the defendants claimed, in denying their petitions. (*Ibid.*)

*Escobedo* continued: "If we were to consider their claim on the merits, the claim would fail because their 'current judgments,' i.e., the judgments for the offenses they committed while in prison for the earlier 2015 and 2016 convictions, do not include a prior prison term enhancement." (*Escobedo*, *supra*, 95 Cal.App.5th at p. 451.) As *Escobedo* highlighted, the Legislature in enacting section 1172.75 carefully provided in repeated language throughout the statute that its recall and resentencing provisions apply only to defendants whose "current judgment" includes a section 667.5, subdivision (b), prison prior. (See, e.g., § 1172.75, subds. (b) & (c) [articulating the current-judgment-with-a-prison-prior restriction multiple times]; *Escobedo*, at p. 451.) The restriction was

6

intentional, as reflected in language from the statute's preamble expressly stating the Legislature's intent to afford relief to "persons *currently serving* a term of incarceration in jail or prison *for these repealed sentence enhancements*," namely, those imposed under section 667.5, subdivision (b).  (Stats. 2021, ch. 728, § 1, italics added.)

*Escobedo* explained the significance of this "current judgment" restriction by drawing on precedent outlining the well-established provisions of section 1170.1, subdivision (c).  (See *Escobedo*, *supra*, 95 Cal.App.5th at p. 452.)  " 'It is well settled that under section 1170.1(c), a term for an in-prison offense or multiple in-prison offenses begins to run *at the end of* the prison term imposed for the original out-of-prison offenses. [Citations.] . . .  Thus, "the term for an in-prison offense *does not become part of* the aggregate prison term imposed for those offenses which were committed 'on the outside.' Instead, the defendant is imprisoned for a total term consisting of the sum of his aggregate sentence computed under section 1170.1(a) plus the new aggregate term imposed under section 1170.1(c).  [Citation.]  The latter term *starts to run at the end of* the prison term imposed for the defendant's original 'outside' offense.  [Citation.]" [Citations.]  [¶]  Thus, [the defendant's] consecutive sentence for his . . . in-prison offense *is not merged or aggregated with his original term* for the . . . out-of-prison offense. Instead, the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense.' (*In re Tate* (2006) 135 Cal.App.4th 756, 764-765 [(*Tate*)]; see also *People v. Langston* (2004) 33 Cal.4th 1237, 1242 [(*Langston*)]) ["new crimes committed while in

7

prison are treated as separate offenses and begin a new aggregate term"].) (*Italics added.*)

Enacted against this backdrop, section 1172.75 does not permit resentencing for defendants serving time on convictions for in-prison offenses because those subsequent sentences, as explained in *Tate* and *Langston*, only begin "to run at the end of" the defendant's original sentence, "does not become part of" the original sentence, nor are "merged or aggregated with [the] original term," and thus the new in-prison sentence does not incorporate the original judgment's prison priors, if any. (*Escobedo*, *supra*, 95 Cal.App.5th at p. 452.) Absent any enhancement for a prior prison commitment, no recall or resentencing is triggered under section 1172.75. (*Escobedo*, at p. 452.)

Defendant's quibbles with *Escobedo* are inconsequential. While defendant is correct that *Escobedo* did not have to address the merits of the defendants' eligibility claim there, given its jurisdictional holding, we nevertheless find the court's analysis persuasive. We adopt the analysis to reject defendant's eligibility claim here. Defendant also observes that *Tate* and *Langston* were decided in different contexts than whether an inmate may be eligible for resentencing under section 1172.75. But he does not explain how the differences are significant in any way. Just as we adopt *Escobedo*'s statutory analysis regarding the importance of the "current judgment" language in section 1172.75, we similarly find its application of *Tate* and *Langston* persuasive and correct in explaining why resentencing is not available in defendant's circumstances.

Resisting this conclusion, defendant argues generally that the legislative intent animating section 1172.75 is "to reduce sentences by providing complete and

8

comprehensive, i.e., both retrospective and prospective, relief from the prison-prior enhancement." (Citing Assem. Pub. Saf. Comm. Analysis, Rep. on Sen. Bill No. 483 (2020-2021 Reg. Sess.) July 13, 2021, p. 3.) Defendant contends that giving this purpose "the widest possible application" to extend to his circumstances effectuates the Legislature's intent "to shorten longer and overly-punitive prison sentences."

Contrary to defendant's interpretation, however, "the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826; accord, *People v. Barner* (2024) 100 Cal.App.5th 642, 648.) As *Escobedo* explained, the Legislature's emphasis that section 1172.75 applies where an inmate is "currently serving a term for a judgment" that includes a prior prison term enhancement bars defendant's interpretation. (§ 1172.75, subd. (b).) This is because, as noted, defendant's current sentence does not include such priors, given that he already served the term on the judgment that did. (*Escobedo*, *supra*, 95 Cal.App.5th at p. 452; see also § 1172.75, subd. (b)(1) [to be eligible, the sentence the defendant is "currently serving" must be "based on the [now prohibited prison prior] enhancement"]; *id.*, subd. (c) [eligibility requires that the defendant's "current judgment" includes a prison prior term].)[3]

---

[3] We also note the Legislature explained its intent in enacting section 1172.75 in an uncodified preamble to the statute that suggests no intention to extend resentencing to defendants who have completed a term of imprisonment that included time for prison priors. Specifically, the preamble states "it is the intent of the Legislature to retroactively apply [the new limitations on prior prison term enhancements] to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) A defendant who already served his or her

*[footnote continued on next page]*

Defendant's reliance by analogy on the youthful and elderly offender early parole statutes, sections 3051 and 3055 respectively, is similarly misplaced. Defendant correctly summarizes that courts have found the parole provisions of these statutes are not limited by section 1170.1, subdivision (c)'s specification that sentences for in-custody offenses commence only after the defendant has served his or her original sentence. (*In re Hoze* (2021) 61 Cal.App.5th 309, 319; *In re Trejo* (2017) 10 Cal.App.5th 972, 988.) In *Hoze*, for example, the court held that "a parole grant pursuant to section 3055 overrides section 1170.1(c). Hoze is not required to serve his *Thompson* terms." (*Hoze*, at p. 315; see *In re Thompson* (1985) 172 Cal.App.3d 256, 260-261, 263 [origin of "*Thompson* term" shorthand for in-custody offense sentences that, if consecutive, are subsequent to original sentence].) Defendant's analogy fails because the early parole statutes do not have section 1172.75's express limitation on recall and resentencing to current sentences and judgments that include a prison prior. A difference in statutory language makes all the difference, since we are bound by the words the Legislature chose.

Similarly distinguishable is *In re Brisette* (2025) 112 Cal.App.5th 147, which defendant cited at oral argument. *Brisette* involved section 1172.2, which affords medical release for incapacity or terminal illness, provided the defendant does not pose an unreasonable risk of danger to public safety. In *Brisette*, two different superior courts—first in Los Angeles and then in Kern County—reached differing conclusions on whether

---

term based on a prison prior is not serving a term of incarceration in jail or prison for that enhancement. The Legislature did not intend resentencing under section 1172.75 in such cases.

the defendant qualified for medical release. The first court had sentenced the defendant on his original judgment of conviction, and then the second court subsequently resentenced him based on his later conviction for in-prison offenses. The reviewing court in *Brisette* determined the latter court's conclusion concerning medical release controlled. (*Id.* at p. 173.)

*Brisette* reached that determination based on the language of section 1172.2. As *Brisette* explained, section 1172.2, subdivision (i), "directs that the judge of the sentencing court (if possible) is to resolve the section 1172.2 petition." (*In re Brisette*, *supra*, 112 Cal.App.5th at p. 172.) *Brisette* also determined based on the language of section 1172.2 that it "mandates that a single court resolve an inmate's compassionate release petition." (*Brisette*, at p. 1172; see *id.* at pp. 1162-1163.)

*Brisette* harmonized section 1172.2 with section 1170.1, subdivision (c). *Brisette* explained regarding the latter, "At its core, section 1170.1(c) does not actually operate to impose two entirely separate and independent sentences. Instead, section 1170.1(c) is a technical sentencing statute that addresses when an inmate begins " 'to serve' consecutive sentences" and "the time during which an inmate is actually serving a particular prison term." (*Brisette*, *supra*, 112 Cal.App.5th at p. 171.) Thus, "when a *Thompson* term is involved, there remains a single total sentence. That single total sentence is composed of two separate and distinct components: an outside-prison term and a *Thompson* term that are calculated and derived separately from each other." (*Id.* at pp. 171-172.) Because "a *Thompson* term is merely a separate and distinct component of a single total sentence," and under authority "that the latest court to impose a sentence on an inmate in a multiple

11

case situation is considered to be the sentencing court," *Brisette* held that the Kern County superior court's medical release determination controlled. (*Id.* at pp. 172-173.)

Defendant's reliance on *Brisette* to undermine *Escobedo* is misplaced. Unlike *Brisette*'s focus on a defendant's overall sentence to properly apply section 1172.2, regardless of the sentence's component parts, those component parts or terms are critical to section 1172.75's application. Specifically, resentencing eligibility under section 1172.75 depends on a sentence's component terms, including that the defendant must be "currently serving" the "term for a judgment" that includes a prison prior. (§ 1172.75, subd. (b); *Escobedo*, *supra*, 95 Cal.App.5th at p. 452.) As *Brisette* recognized, a sentence that includes a *Thompson* term consists of terms that are "derived separately from each other," as in the case of separate judgments of conviction for the defendant's outside and in-prison offenses. (*Brisette*, *supra*, 112 Cal.App.5th at p. 172.) *Escobedo* and *Brisette* are thus consistent with each other. Indeed, citing *Escobedo*, *Brisette* explained that "relief applicable to an outside-prison term will be unavailable once the outside-prison term ends, even though the inmate is serving the in-prison term component of his single total sentence." (*Brisette*, at p. 172, fn. 13.)

In sum, section 1172.75 requires that the defendant must be "currently serving a term for a judgment" that includes prison priors. (§ 1172.75, subd. (b).) In other words, resentencing relief under the statute may be afforded on a "current . . . judgment" (*ibid.*; *id.*, subd. (c)) when the defendant is "currently serving a term of incarceration . . . *for the*[] *repealed* [*prior prison*] *sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics

12

added; § 1172.75, subd. (b).)   Because defendant is not currently serving such a term, the trial court did not err in determining he is ineligible for resentencing.

Finally, defendant argues that the Legislature's decision to limit section 1172.75's application in this manner violates equal protection.  We disagree.  Perfect uniformity in ameliorative statutory measures is not required.  As our high court has recently observed, "[A]ny retroactive sentencing remedy confined to a particular group of defendants will inevitably undermine uniformity in some ways—even as it promotes it in others." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1066, italics omitted.)

Instead, the issue is not about assuring uniform application across the board, even for disparate groups, but instead whether there is a rational basis for the Legislature's distinction.  (*People v. Hardin* (2024) 15 Cal.5th 834, 850-851 ["pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review"]; see *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [rational basis test applies to equal protection challenge involving alleged sentencing disparity].)  At bottom, "we consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose.  [Citation.]  A classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable." (*People v. Chatman* (2018) 4 Cal.5th 277, 289; see also *Hardin*, *supra*, 15 Cal.5th at p. 852 ["Rational basis review 'sets a high bar' for litigants challenging legislative enactments"].)

Defendant cannot meet that burden here.  The determinate sentencing law treats in-prison offenses differently from out-of-prison offenses.  (*People v. McCart* (1982)

13

32 Cal.3d 338, 340.) The Legislature intended in-prison crimes to be punished more severely than crimes committed out of custody. (*People v. White* (1988) 202 Cal.App.3d 862, 869.) We find nothing irrational in this distinction. Defendant's equal protection challenge therefore fails.

## DISPOSITION

The trial court's order finding defendant ineligible for recall of his sentence and resentencing under section 1172.75 is affirmed.

CERTIFIED FOR PUBLICATION


MILLER                  
                      J.


We concur:


RAMIREZ             
            P. J.


CODRINGTON        
           J.